UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 23 CR 197 |
| v. | Hon. Sharon Johnson Coleman |
| JAIME SANDOVAL | District Judge |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the Materials") are subject to this protective order and may be used by defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Within the category of Materials covered by this protective order are certain materials disclosed or to be disclosed by the government that contain particularly sensitive information, including information that discloses the identity of a cooperating individual. These materials shall be plainly marked as "Sensitive" by the government prior to disclosure.

3. Defense counsel is responsible for securely maintaining the Sensitive Materials. Defendant and defendant's counsel shall not disclose the Sensitive Materials or their contents directly or indirectly to any person or entity other than

persons employed by defense counsel to assist in the defense, including secretaries, paralegals, investigators, interpreters, and experts (collectively, "authorized persons").

4. Potential witnesses and their counsel, and other individuals not defined as authorized persons in paragraph 3 above ("non-authorized persons") may be shown Sensitive Materials as necessary to prepare the defense, but those individuals may not retain copies of Sensitive Materials without prior permission of the Court.

5. If the Court gives permission to non-authorized persons to retain Sensitive Materials, defendant's counsel must provide the non-authorized person(s) with a copy of this order and require the non-authorized person to sign a copy of the "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto", attached to this order, acknowledging that the non-authorized person has received a copy of and reviewed this order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this order. Defendant's counsel shall maintain a copy of the signed acknowledgement statement of each non-authorized person for a period of twelve months after the conclusion of all stages of this case or the length of time that defendant's counsel retains the Sensitive Materials, and shall provide copies of the signed statement of each non-authorized person to the Court upon request.

6. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Sensitive Materials except in order to provide copies of the materials

for use in connection with this case by defendant, defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original Sensitive Materials.

7. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Sensitive Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original Sensitive Materials.

8. A party seeking to use Sensitive Materials in a public filing must first seek permission from the Court to submit the Sensitive Materials under seal (except if defendant chooses to include in a public document sensitive information relating solely and directly to defendant). No documents may be filed under seal absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case.

9. Upon conclusion of all stages of this case, all of the Sensitive Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. If defense counsel has made copies of the Sensitive Materials and provided copies to others to the extent permitted by this Order, defense counsel shall collect those copies at the conclusion of the case. The Sensitive Materials may be (a) destroyed; (b) returned to the United States; or (c) retained in defense counsel's case file. The government or the Court may require a certification as to the disposition of any such Sensitive Materials. In the event that the Sensitive Materials are

retained by defendant's counsel, the restrictions of this order continue in effect for as long as the Sensitive Materials are so maintained, and the Sensitive Materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. The restrictions set forth in this order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this order limit defendant's counsel in the use of the materials in judicial proceedings in this case (subject to the rules governing the use of the Sensitive Materials in public filings as set forth in Paragraph 8). If Sensitive Materials are displayed in a public courtroom as part of a judicial proceeding, identifying information shall be redacted, or if defense counsel believes redaction is impracticable, counsel shall file a motion, *ex parte*, with the Court seeking guidance as to the proper method for displaying such Sensitive Materials.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE

Date: May 10, 2023